UNITED STATES DISTRICT COURT<br>
FOR THE SOUTHERN DISTRICT OF FLORIDA<br>
CASE NO.

TROY COVEY,

    Plaintiff,

v.

BRICKELL SKIN CARE CORPORATION,

    Defendant.

_____/

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, TROY COVEY ("Covey" or "Plaintiff"), brings this complaint in the United States District Court for the Southern District of Florida against BRICKELL SKIN CARE CORPORATION, ("Brickell" or "Defendant"), alleging as follows:

## PARTIES

1. Plaintiff is an experienced commercial photographer specializing in beauty and fashion photography. Plaintiff resides in New York, New York.

2. On information and belief, Defendant is a Domestic Profit Corporation existing under the laws of the State of Florida, with headquarters in Miami, Florida. Defendant is an aesthetic and dermatology services business. Defendant owns, operates, and is solely responsible for the content on its social media websites, www.facebook.com/BrickellCosmeticCenter, and www.instagram.com/brickellcosmeticcenter.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

4. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

5. This Court has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

6. Defendant is subject to personal jurisdiction in Florida.

7. This Court also has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

1. Plaintiff captured the photograph, "AU2205259" ("Copyrighted Photograph") on February 12, 2019, in New York City. [Exhibit 1]. Plaintiff captured Copyrighted Photograph using great technical skill and careful timing, as well as significant time and energy.

2. Plaintiff registered Copyrighted Photograph with the United States Copyright Office on March 18, 2019 (Registration No.: VAu 1-349-196).

3. On May 28, 2019, Plaintiff posted Copyrighted Photograph to www.augustimage.com/CS.aspx?VP3=SearchResult&VBID=2UHI76V1X7FJD&POPUPPN

=21&POPUPIID=2UHIJQ7W2EAQ&RW=1625&RH=1289 (Last visited July 9, 2021).

[Exhibit 2].

4. Beginning on or about July 23, 2020, Defendant copied and posted Copyrighted Photograph to the Defendant's social media feeds, www.facebook.com/BrickellCosmeticCenter, and www.instagram.com/brickellcosmeticcenter (Last visited July 8, 2021).

5. Defendant posted Copyrighted Photograph to the following URLs:

- www.facebook.com/BrickellCosmeticCenter/photos/3173526509379730 (Last visited April 7, 2021). [Exhibit 3].

- www.instagram.com/p/CC--IPLAuOx/ (Last visited April 7, 2021). [Exhibit 4].

6. Defendant used Copyright Photograph as the sole image to accompany posts to its social media feeds titled, "You'll never regret washing your face before you go to bed." [Exhibit 3 and 4].

7. Defendant used Copyright Photograph to advertise its services and products for sale: "Visit our in house (sic) product boutique and receive your customized skincare plan for both day and night." [Exhibit 3 and 4].

8. Defendant added its watermark to Copyright Photograph before posting to both social media feeds. [Exhibit 3 and 4].

9. Defendant copied and posted Copyright Photograph without license or permission of Plaintiff.

## COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

10. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

11. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photograph, which is the subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights.

12. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Photograph to the public.

13. Defendant, without the permission or consent of Plaintiff, copied Copyrighted Photograph to Defendant's social media feeds, www.facebook.com/BrickellCosmeticCenter, and www.instagram.com/brickellcosmeticcenter. In doing so, Defendant violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

14. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

15. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual or statutory damages, including any profits realized by Defendant attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendant's infringement of Copyrighted Photograph.

### COUNT II: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. § 1202

16. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph before copying Copyrighted Photograph to Defendant's social media feeds,

www.facebook.com/BrickellCosmeticCenter, and

www.instagram.com/brickellcosmeticcenter. In doing so, Defendant violated 17 U.S.C. § 1202(a)(1) and (b)(1).

17. As a result of Defendant's actions, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 1203(c). Plaintiff is further entitled to their attorney's fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyright or such damages as are proper;

D. Awarding Plaintiff actual and/or statutory damages for Defendant's copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff his costs, reasonable attorney's fees, and disbursements in this action, pursuant to 17 U.S.C. § 504-5, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F. Awarding Plaintiff such other and further relief as is just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: September 1, 2021                            Respectfully submitted,

*/s/* Joycelyn S. Brown
Joycelyn S. Brown,
Florida Bar No. 0058277
IPS Legal Group, P.A.
1951 NW 7th Ave, Suite 600
Miami, Florida 33136
Tel: 786-539-5098
Email: jbrown@ipslegalgroup.com

*/s/* David C. Deal
David C. Deal
Virginia Bar No. 86005
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
Tel: 434-233-2727
Email: david@daviddeal.com
*Counsel for Plaintiff*
*Pro Hac Vice Admission forthcoming*